# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEFFREY HOYT COUCH,** | : |
| **Plaintiff,** | : |
| VS. | : |
| | : CASE NO.: 5:19-CV-209-MTT-MSH |
| **APPLING ITF,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

*Pro se* Plaintiff Jeffrey Hoyt Couch, a prisoner who is presently incarcerated at the Oglethorpe County Jail in Lexington, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1), a motion for leave to proceed *in forma pauperis* (ECF No. 2), and a motion for appointed counsel (ECF No. 5). For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DENIES** his motion for appointed counsel, **DISMISSES without prejudice** Plaintiff's claims against the Georgia Department of Corrections ("GDC"), and **TRANSFERS** Plaintiff's remaining claims to the Southern District of Georgia.

### I. Motion to Proceed *in Forma Pauperis*

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fees upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed *in forma pauperis* ("IFP") under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust

fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

In this case, Plaintiff's pauper's affidavit and trust account statement show that he is currently unable to prepay the Court's filing fee. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED** and Plaintiff will be assessed an initial partial filing fee of $0.00. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until

the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. Motion for Appointed Counsel

Plaintiff has also filed a document that has been construed as a motion for appointment of counsel (ECF No. 5). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). But "[t]he

key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam) (holding that court did not abuse its discretion in denying appointed counsel where prisoner "articulated his claims for relief in his complaint and filed several responsive pleadings and motions before the district court in which he accurately cited the essential facts, legal arguments, and relevant law").

In this case, Plaintiff has filed a complaint on a standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, the law governing Plaintiff's claims is neither novel nor complex, and Plaintiff has had no apparent difficulty communicating the merits of his claims to the Court. Plaintiff's motion to appoint counsel (ECF No. 5) is accordingly **DENIED**. If, however, it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, Plaintiff may file a renewed motion.

### III. Preliminary Screening

#### A. Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes

4

apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

5

at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his treatment at the Appling Integrated Treatment Facility in Baxley, Georgia from April of 2019 until May of 2019. Compl. 3, ECF No. 1. According to the Complaint and the attachments thereto, Plaintiff suffers from significant swelling in his feet and legs causing "real bad" pain. *See id.* at 5; *see also* Attach. 1 to Compl. 3, ECF No. 1-1. Plaintiff contends that Defendants have violated his constitutional rights by failing to provide him with adequate medical treatment, and as a result he requests compensatory damages. Compl. 7, ECF No. 1.

It appears that Plaintiff seeks to name the Georgia Department of Corrections ("GDC") as a Defendant in this case. *See* Compl. 1, ECF No. 1 (identifying the GDC in the caption). Plaintiff has not pleaded any specific facts in the body of the Complaint associating the GDC with a constitutional violation, however, and his claims could be dismissed on this basis. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating

6

defendants with a particular constitutional violation). More importantly, the GDC is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued for money damages under § 1983). Plaintiff's claims against the GDC must therefore be dismissed.

If the GDC is dismissed, venue would no longer be proper in this district: Plaintiff's remaining claims involve events occurring in the Southern District of Georgia, and all remaining named parties appear to be located there. *See* 28 U.S.C. § 1391(b).[1] Plaintiff's remaining claims shall therefore be **TRANSFERRED** to the Brunswick Division of the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); *see also Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (per curiam) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction).

---

[1] Defendant Stan Shepard is identified as the Southeast Regional Director of the GDC. His offices are located in Reidsville, Georgia, which is also within the Southern District. Georgia Department of Corrections, *Corrections Division Facilities Directory* 2 (Aug. 1, 2019), http://www.dcor.state.ga.us/sites/default/files/Facilities%20Directory.pdf.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and his motion for appointed counsel (ECF No. 5) is **DENIED**. Plaintiff's claims against the GDC are **DISMISSED without prejudice**, and the Clerk of Court is **ORDERED** to transfer this action to the Brunswick Division of the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 90(c)(5).

**SO ORDERED**, this 20th day of August, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT