

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:53 pm, Nov 18, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JEFFREY HOYT COUCH,

    Plaintiff,

v.

APPLING ITF, et al.,

    Defendants.

CIVIL ACTION NO.: 2:19-cv-100

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is housed at the Oglethorpe County Jail in Crawford, Georgia, filed this action, asserting claims under 42 U.S.C. § 1983 concerning events allegedly occurring in Appling County, Georgia. Docs. 1, 11. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** all claims against Counselor Debra Clary, Nurse Stephanie Mercer, other unnamed staff members, and Appling ITF. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for denial of medical treatment against Defendants Doctor Cheney, Stan Shephard, Superintendent Rodney Black, and Mr. Saws.

## PLAINTIFF'S CLAIMS[1]

Plaintiff alleges that beginning in April 2019, he experienced extreme swelling in his feet and legs. Doc. 1 at 5. Plaintiff asserts he informed Appling staff of the issue on several

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

occasions and was denied treatment. Id. Specifically, Plaintiff filed Health Services Request Forms with the Georgia Department of Corrections on: April 10, 2019; May 3, 2019; May 6, 2019; and May 20, 2019. Doc. 1-1 at 1–6. Nurse Stephanie Mercer appears to have signed two of these request forms. Id. at 2, 5. After submitting the request forms, Plaintiff states he saw Doctor Cheney for the medical issue. Doc. 1 at 5. Plaintiff asserts Doctor Cheney told him there was nothing he could do about the problem. Id. Plaintiff states he then went to Assistant Superintendent Rodney Black to tell him he had not received medical treatment. Id. Plaintiff claims Mr. Black said there was nothing he could do. Id. Plaintiff then filed three grievance forms on: April 26, 2019; May 1, 2019; and May 6, 2019. Doc. 1-2 at 1. Plaintiff states, after not receiving any further medical treatment, he then alerted Stan Shepard and "Mr. Saws" to the issue. Doc. 1 at 5. Plaintiff appears to claim Mr. Shepard then told Rodney Black to find medical treatment as soon as possible. Id. However, Plaintiff had still not received further treatment at the time of filing this Complaint. Id. Plaintiff also lists "my counselor Debra Clary" and "staffs [sic]" as Defendants. Id. at 4. Plaintiff seeks $250,000 in compensatory damages. Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Claims Against Debra Clary, Stephanie Mercer and Unnamed Staff**

Although Plaintiff lists "my counselor Debra Clary" as a Defendant, Plaintiff does not address how she was involved with the events discussed in his Complaint.  Doc. 1 at 4.  Plaintiff also generally mentions other staff as Defendants.  Id.  Plaintiff lists Nurse Stephanie Mercer but does not mention her at all in his Complaint.  Id.  He has only submitted two medical request forms that appear to be signed by her.  Doc. 1-1 at 2, 5.

Plaintiff has not stated sufficient factual information to state a plausible claim against Debra Clary, Nurse Stephanie Mercer, or unnamed staff members.  Fed. R. Civ. P. 8  ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief.");  Iqbal, 556 U.S. at 678.  For

this reason, I **RECOMMEND** the Court **DISMISS** all claims against Debra Clary, Stephanie Mercer, and the unnamed staff members.

## II.     Claims Against Appling Integrated Treatment Facility ("ITF")

In order to state a claim for relief under § 1983, a plaintiff must allege that "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding that the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).  A state's Department of Corrections is considered an arm of the state that is protected by Eleventh Amendment sovereign immunity.  Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Appling Integrated Treatment Facility ("ITF") is a prison facility that operates a substance abuse treatment program.  The facility is operated by the Georgia Department of Corrections, which is a state agency.  See Appling, Georgia Department of Corrections http://www.dcor.state.ga.us/Facilities/appling-0 (last visited Nov. 18, 2020).  Because Appling ITF operates as an arm of the state through a state agency, Appling ITF is not a "person" subject

to suit under § 1983.  Hale, 50 F.3d at 1582.  Thus, Plaintiff's claims against the institution itself are barred by the Eleventh Amendment.  Thomas, 697 F.3d at 613; Dean, 951 F.2d at 1214.  For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Appling ITF.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** all claims against Debra Clary, Stephanie Mercer, unnamed staff members, and Appling ITF.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's denial of medical treatment claim against Defendants Doctor Cheney, Stan Shephard, Superintendent Rodney Black, and Mr. Saws.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA